1  L. LEE PHILLIPS (SBN: 35694)
   lphillips@manatt.com
2  JOHN M. GATTI (SBN: 138492)
   jgatti@manatt.com
3  ERIC CUSTER (SBN: 166533)
   ecuster@manatt.com
4  Manatt, Phelps & Phillips, LLP
   11355 West Olympic Boulevard
5  Los Angeles, California 90064-1614
   Telephone:  (310) 312-4000
6  Facsimile:   (310) 312-4224

7  Mark S. Lee (SBN 94103)
   Mark.lee@rimonlaw.com
8  RIMON P.C.
   2029 Century Park East, Suite 400N
9  Los Angeles, California 90067
   Telephone: (310) 361-5776
10

11 *Attorneys for Plaintiff*
   *Stephen Perry*

12 Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
13 Jessica C. Covington (SBN 301816)
   jcovington@blakelylawgroup.com
14 BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
15 Manhattan Beach, California 90266
   Telephone: (310) 546-7400
16 Facsimile: (310) 546-7401

17 *Attorneys for Defendant*
   *Phil Brown*

18

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| STEPHEN PERRY, an individual, | ) CASE NO.: 2:18-cv-09543 JFW (SSX) |
|---|---|
| Plaintiff, | ) **JOINT REPORT OF PARTIES'** <br> ) **RULE 26(f) CONFERENCE** |
| vs. | ) **Scheduling Conference:** |
| PHIL BROWN, an individual, | ) Date:         January 7, 2019 <br> ) Time:         1:15 p.m. |
| Defendant. | ) Courtroom:  7A, the Courtroom of the <br> ) Honorable Juhn F. Walter. |

1
**RULE 26 JOINT REPORT**

Counsel for Plaintiff Stephen Perry ("Perry") and Defendant Phil Brown ("Brown") hereby submit this Joint Report and propose the following Report of Parties' Planning Meeting.  The positions set forth in this report are based on counsels' current understanding of the legal and factual issues involved in the case.  The Parties acknowledge that as discovery proceeds and the case progresses, the beliefs and views set forth herein may change or evolve.

A.     **SUBJECT MATTER, PERSONAL JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338, and 2201, as well as supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. §1367.

Perry believes that this Court has personal jurisdiction over Brown for the reasons stated in the First Amended Complaint.  Brown, a resident of Tennessee, does not believe that this court has personal jurisdiction over him.

B.     **STATEMENT OF CASE AND FACTUAL SUMMARY**

Perry filed the present action against Defendant on November 9, 2018,  and filed a First Amended Complaint on November 13, 2018 alleging trademark infringement, false designation of origin under the Lanham Act, and violation of the common law and statutory right of publicity in connection with Defendant's use of Perry's name and likeness to promote Defendant's music, as well as declaratory relief re copyright ownership of Perry's 's recorded vocal performances .  (ECF No. 6)

Defendant's response to the Complaint is due on or before January 28, 2019. (ECF No.  26)

C.     **DISPUTED POINTS OF LAW**

(1)     Whether this Court has personal jurisdiction over Defendant Brown.

(2)     Whether Perry has protectable and enforceable copyrights in his recorded vocal performances, and what those rights are.

   (3) Whether Defendant is liable for trademark infringement and false designation of origin.

   (4) Whether Defendant is liable for breach of Perry's common law and statutory right of publicity.

   (5) Whether Perry or Brown on the copyrights in Perry's recorded vocal performances made at Brown's residence in the early 1990s;

   (6) Whether Defendant's conduct is privileged and therefore not actionable;

   (7) Whether Brown is liable to Perry for damages for his conduct; and

   (8) In the event liability is found, the type and amount of damages awardable to Perry on the claims alleged.

**D.**  **PRIOR, PENDING, OR ANTICIPATED MOTIONS**

  On November 13, 2018 Perry filed a Motion for Temporary Restraining Order. (ECF No. 11.) There is a hearing on Perry's request for a preliminary injunction set for March 4, 2019 at 1:30 p.m.

  Perry currently anticipates filing a motion for summary judgment.

  Defendant Brown currently anticipates filing some or all of the following motions:

   (1) Motion to dismiss for lack of jurisdiction;

   (2) Motion to Strike pursuant to California's anti-SLAPP statute;

   (3) Motion for Summary Judgment

**E.**  **THE EXTENT CLAIMS WILL BE ADDED AND DISMISSED**

**F.**  The parties agree that any amendment to the First Amended Complaint shall be made on or before April 1, 2019.

**G.**  **COMPLIANCE WITH INITIAL DISCLOSURES**

  The parties will exchange initial disclosures in compliance with FRCP 26.

**H.**  **DISCOVERY**

  There has been no discovery taken to date. In the event Brown files an anti-SLAPP motion, while not mandatory in Federal Court, Brown believes that discovery

should be stayed pending resolution of such a motion.  Furthermore, Brown believes that this Court's determination of an anti-SLAPP motion is subject to immediate appellate review.

      The Parties agree to conduct discovery, including the taking of depositions and the propounding of interrogatories, requests for admission and document requests, in accordance with the Federal Rules of Civil Procedure and the Local Rules, without modification thereto.  However, nothing in this stipulation shall impair the right of any party to seek departures from the Federal Rules and/or Local Rules upon a showing of good cause.

      The Parties will work together to minimize discovery disputes. In addition, the Parties have agreed to service via email.

      **1.**    **Initial Disclosures**

   The Parties will make their Initial Disclosures no later than January 14, 2019..

      **2.**    **Depositions**

      At this early juncture, the Parties do not have enough information to determine which depositions they will take other than each party and each party's respective person(s) most knowledgeable.  The parties have not yet scheduled dates for these depositions.

      **3.**    **Written Discovery**

      The Parties anticipate issuing formal discovery requests through the use of Requests for Admission, Requests for Production, as well as Special Interrogatories.

      **4.**    **Privilege or Protection of Sensitive Information**

      The Parties may enter into a suitable protective order for the production of information and/or documents containing confidential, proprietary, or private personal information.

      **5.**    **Electronically-Stored Information**

      All electronically-stored information that is responsive to a discovery request, or that must be produced with a party's initial disclosures, must be produced in paper

format or Portable Document Format (PDF).  Each party may request electronic copies of any paper documents produced.  Insofar as is possible with regard to the format in which electronic documents are provided, no information shall be omitted from a document as a result of the form in which the document is produced.  Such discoverable information contained electronically shall not be destroyed, deleted, or otherwise discarded.

**6.     Discovery cut-off**

The Parties propose a discovery cut-off date of September 2, 2019, such that all non-expert discovery shall be commenced in time to be completed by said date.

**I.     RELATED CASES OR PROCEEDINGS**

None

**J.     RELIEF SOUGHT**

1. Perry requests the following relief: Preliminary and permanent injunctive relief prohibiting Brown (a) from using Perry's name, likeness, and trademarks to promote Brown or Brown's music, and (b) from releasing or otherwise infringing Perry's copyright in his recorded vocal performances rendered in Brown's home in about 1991;

2. A declaration that Perry is the sole owner of all copyrights in and to the his vocal performances recorded in Brown's home;

3. Compensatory, general and punitive damages according to proof, with prejudgment interest;

4. Costs of suit incurred herein, including reasonable attorneys' fees and expenses; and

5. Such other and further relief as the Court deems just and proper.

**K.     CERTIFICATE OF INTERESTED PARTIES**

Plaintiff has submitted his Certificate of Interested Parties, and has no such interested parties.

L.   **LAST DATE FOR COMPLETION OF DISCOVERY**

The parties propose November 4, 2019 as the last day to complete all non-expert and expert discovery.

M.   **TRIAL**

The case will be tried before a jury.

N.   **SETTLEMENT EFFORTS**

The parties are presently engaging in settlement discussions. However, in the event that they do not settle, the Parties agree to participate in a mediation before this Court's ADR Panel.

O.   **MANUAL FOR COMPLEX LITIGATION**

The Parties do not believe that any part or procedure from the Manual for Complex Litigation should be utilized.

P.   **DISPOSITIVE MOTIONS**

Plaintiff Perry believes that a motion for summary judgment would be dispositive. Defendant Brown believes that a motion to dismiss for lack of personal jurisdiction, anti-SLAPP motion, and/or a Motion for Summary Judgment would be dispositive.

Q.   **UNUSUAL LEGAL ISSUES**

The parties currently do not believe there are any unusual legal issues.

R.   **SEVERANCE AND/OR BIFURCATION**

The Parties do not have any proposals for the Court regarding severance, bifurcation, or other ordering of proof.

| | |
|---|---|
| DATED: December 21, 2018 | MANATT, PHELPS & PHILLIPS, LLP<br>ERIC CUSTER<br>JOHN M. GATTI<br>ERIC CUSTER |
| | RIMON P.C.<br>MARK S. LEE |
| | By: /s/ Mark S. Lee<br>    Attorneys for *Plaintiff*<br>    STEPHEN PERRY |
| | BLAKELY LAW GROUP |
| | By: */s/ Jessica C. Covington*<br>    Brent H. Blakely<br>    Jessica C. Covington<br>    ***Attorneys for Defendant***<br>    ***Phil Brown*** |